## Brems v. Brems

*Francis X. Dillon*, for plaintiff.
*William L. Goldman*, for defendant.

LUDWIG, *J.*, February 10, 1982 —

## ISSUE

Should defendant Florence Brems be required to perform an agreement of the parties comprehending a consensual divorce and a distribution of marital property under the provisions of the Divorce Code, of April 2, 1980, P.L. 63, 23 P.S. §101?

## FINDINGS OF FACT

On September 24, 1981, the parties, husband and wife, both represented by counsel, entered into an agreement, formalized by a consent decree in open court, in which they agreed to be divorced and to distribute all of their marital property. Wife then signed a consent to be divorced which was held by

her attorney. Within approximately two weeks thereafter, she changed her mind and as of October 6, 1981 advised her attorney not to proceed with the agreement. Subsequently, her attorney sought leave of court and was permitted to withdraw as her counsel.

In addition to a consensual divorce, the agreement, the terms of which are not in dispute, contemplated that the jointly owned marital home and all household furniture would be conveyed and transferred to wife as well as certain stock and a bank account. One automobile was to become the sole property of husband, together with his employment pension plan, and a second automobile was to become the wife's property. Husband was to pay wife permanent alimony for three years, declining each year from $70 to $50 to $30 per week. Husband also agreed to pay $650 within 30 days toward household bills.

This agreement resulted from negotiations lasting at least six hours when the parties and counsel had congregated for a support hearing. Wife's mother and the parties' son were present when the agreement was concluded. The parties acknowledged under oath that they understood their rights and were entering into the agreement freely. Thereafter, husband, through counsel, offered to perform his side of the agreement — and, specifically, he tendered performance by letter of October 6, 1981.

On November 20, 1981, the parties appeared for a hearing on husband's petition for specific performance of the agreement. Wife was without counsel. We continued the hearing and advised the wife to reconsider her refusal to carry out the agreement and to engage other counsel. On February 1, 1982, the parties appeared again and

neither was represented. We held a hearing and, at our request, the attorneys who negotiated the agreement were present and gave statements.*

At the hearing, wife stated that she would not go ahead with the agreement because she could not afford to pay the carrying charges on the house. She said that she had signed a divorce consent after the consent order was entered without realizing what she was signing and, further, that the divorce consent was not to have been signed until the deed to the house was executed. Moreover, she wanted the mortgage and a sewer and water lien paid off, as well as certain household bills — in all about $4,500 more than was called for by the agreement.

Wife also claimed that no funds existed in the bank account that was to become hers. However, we found, based on husband's testimony, that he withdrew no monies from this account and made no misrepresentation to wife regarding its condition or the balance on hand.

Wife alleged no other reasons for refusing to perform the parties' agreement. She did say that she had been in ill health and was unable to work, but did not suggest any incompetence on her part or inability to understand the nature and terms of the agreement or its consequences.

In response to our questioning, husband said that, if the court would not direct wife to proceed with the divorce, he would accept specific performance of the terms of the property settlement only. Wife said that she would not agree to perform the property settlement with or without the divorce.

---

*Wife, it appeared, had consulted a second attorney, who also advised her to perform the agreement; she had discharged him.

## DISCUSSION

A property settlement agreement is susceptible to specific performance where the rights of the parties are clear and there is no defense of fraud or mistake. In the present case, wife has offered no valid reason for refusing to proceed with the agreement, and at all times, husband has appeared ready, willing, and able to do so. Wife's repudiation of the agreement because it was improvident or a bad bargain from her standpoint is not a good defense or an impediment to specific performance.

The same considerations do not apply to the agreement to obtain a consensual divorce. We do not believe the court is empowered or that it would be good policy to direct a party to have consented by virtue of an agreement to do so in the future. Because the status of marriage is of distinctly personal dimensions, a person has an unqualified right to change his or her mind and to refuse to consent to be divorced, at least, as here, where the consent, though signed, has not been delivered or filed.

Where the parties have agreed, to a consensual divorce and to a distribution of marital property, the question then becomes whether the agreement is severable. In the case now before us, we decide that it is and that the property aspects should be specifically enforced. Husband is willing to accept this measure of performance, and there appears to be no compelling reason for depriving him of it. The divorce and the property arrangements are not inextricably related or so interdependent that the property agreement must fail because of wife's refusal to consent to the divorce. However, the permanent alimony provisions of the agreement hinge on the divorce and, if no divorce is forthcoming, the alimony payments will not be ordered as alimony.

Instead, the total amount of alimony agreed upon shall be considered the full extent of husband's support obligation while the parties remain married and, if divorced, the balance remaining, if any, shall be the full extent of permanent alimony. The payments shall be made in the amounts and at the times provided in the parties' agreement.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the subject matter of this action and over the parties.

2. The parties' agreement is valid, binding and, as to the property provisions, enforceable and no reason in law has been given by wife why the property distribution should not be performed.

3. The agreement for a consensual divorce is not enforceable as a matter of law or in equity and sound policy reasons exist not to direct enforcement.

4. The agreement is severable because the divorce and property provisions are not so interrelated as to compel the same result as to each.

5. Permanent alimony is inherent in a divorce and, therefore, is not allowable here, absent a divorce. Instead, the provisions as to alimony shall be treated as though they were an agreement as to support.

6. Equitable considerations strongly favor specific performance of the property provisions in response to husband's petition.

## DECREE NISI

And now, February 10, 1982, wife is ordered and directed to perform all of the provisions of the parties' agreement embodied in the consent order of September 24, 1981 relating to the parties' prop-

erty upon the tender of performance of same by husband. The prothonotary is directed to enter this decree as a final decree unles exceptions are filed within 20 days. Costs on defendant wife.